UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
============================ :
TARYN LEE ANDREW,                        :
     Plaintiff,                       :
                         :
     — *versus* —                    :     **1:18-cv-04421 (DLC)(RWL)**
                         :
JP MORGAN CHASE & CO.,                   :     **Hon. Denise L. Cote**
EDWARD WILLIAM WATSON,                    :     **U.S. District Judge**
     Defendants.                      :     **Southern District of New York**
============================ :

============================================

## PLAINTIFF TARYN LEE ANDREW'S RESPONSE & OPPOSITION TO DEFENDANT J.P. MORGAN CHASE BANK'S MOTION TO DISMISS F.R.Civ.P. Rule 12(b)

============================================

Bernard V. Kleinman, Esq.
Law Office of Bernard V. Kleinman, PLLC
Attorney for Plaintiff Taryn Lee Andrew
108 Village Square
Suite 313
Somers, NY 10589-2305
Tel. 914.644.6660
Fax 914.694.1647
Email: *attrnylwyr@yahoo.com*

Date Served: July 20, 2018

# **TABLE OF CONTENTS**

Table of Authorities ........................................................................................... ii

Statement of Facts ............................................................................................. 1

Legal Argument

   I. The Standard of Review (F.R.Civ.P. Rule 12(b)) ..................................... 2

   II. The Law and Facts, As Applied Here, Requires the Denial
      of the Relief Sought by the Defendant

      A. As Defendant Watson Has Not Appeared in this Action, Either
         Personally or by Counsel for Chase Bank, Dismissal of Any Causes
         of Action as Against Him Would be Premature, at Best
         (See Defendant's Memorandum of Law at p. 2 n. 4) ............................... 3

      B. Plaintiff Andrew Was Not an At-Will Employee Hence
         Her Claim for Breach of Contract is Ripe for Adjudication
         (See Defendant's Memorandum of Law at pp. 4-7) ............................... 4

      C. Plaintiff Andrew Detrimentally Relied Upon the Code of
         Conduct of the Defendant Chase Bank to Protect Her
         From the Deprivations and Misconduct of her Co-Employees
         and Management (See Defendant's Memorandum of Law at pp. 7-8) ............ 7

      D. The Causes of Action Under Both the New York State
         and New York City Human Rights Laws Should Be Equitably
         Tolled (See Defendant's Memorandum of Law at p. 8) ........................ 9

      E. Plaintiff's Fifth Cause of Action Should Survive
         Defendant's Motion to Dismiss (See Defendant's
         Memorandum of Law at pp 8-9) .................................................. 10

      F. Plaintiff's Claim for Infliction of Emotional Distress
         Should Survive the Motion to Dismiss (See Defendant's
         Memorandum of Law at pp. 9-11) ............................................... 12

      G. Plaintiff's Title VII Claim is Neither Time Barred Nor
         Barred By Failure to Exhaust Administrative Remedies
         (See Defendant's Memorandum of Law at pp. 11-13) ........................... 13

      H. Plaintiff's Claims Regarding the H1B Visa Are Not Precluded
         Herein (See Defendant's Memorandum of Law at pp. 13-14) ................... 14

Conclusion ..................................................................................................... 14

Certificate of Service ...................................................................................... 15

# <u>TABLE OF AUTHORITIES</u>

## <u>CASES</u>

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) .......................................................... 2, 7

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 357 F. Supp.2d 712
(S.D.N.Y. 2005), *aff'd* 493 F.3d 87 (2d Cir. 2007) ............................... 4

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) .................................... 2

*Billiard Balls Management, LLC v. Mintzer Sarowitz Zeris Ledva
& Meyers, LLP*, 54 Misc.3d 936, 42 N.Y.S.3d 730
(S. Ct. N.Y. Co. 2016), *aff'd* 157 A.D.3d 419 (1st Dep't 2018) ........... 10

*Bolt Elec. Inc. v. City of New York*, 53 F.3d 465 (2d Cir. 1995) ................... 3

*Braden v. Wal-Mart Stores*, 588 F.3d 585 (8th Cir. 2009) ............................. 7

*Bustamante v. Intuit, Inc.*, 141 Cal. App.4th 199,
45 Cal. Rptr.3d 692 (Cal. App. 6th Dist. 2006) .................................... 6

*Cabello-Rondon v. Dow Jones & Co., Inc.*, 2017 WL 3531551
(S.D.N.Y. 2017), *aff'd* 720 Fed. Appx. 87 (2d Cir. 2018) ................... 7

*Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41 (2d Cir. 2003) ................ 2

*Clean Earth of North New Jersey, Inc. v. Northcoast
Maintenance Corp.*, 142 A.D.3d 1032, 39 N.Y.S.3d 165 (2d Dep't 2016) ............. 5

*Corcoran v. New York Power Auth.*, 202 F.3d 530 (2d Cir. 1999),
*cert. denied* 529 U.S. 1109 (2000) ...................................................... 13

*Corrado v. New York Unified Court Sys.*, 163 F. Supp.3d 1
(E.D.N.Y. 2016), *aff'd* 698 Fed. Appx. 36 (2d Cir. 2017) .................. 12

*Fowlkes v. Ironworkers Local 40*, 790 F.3d 378 (2d Cir. 2015) ................... 14

*Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205 (2d Cir. 2004) .................. 3

*Glenwood Sys., LLC v. Thirugnanam*, 2012 WL 12913792 (C.D. Calif. 2012) ....... 6

*Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*,
2017 WL 933103 (S.D.N.Y. 2017) ...................................................... 11

*Hamilton v. Accu-tek*, 935 F. Supp. 1307 (S.D.N.Y. 1996) .......................... 11

*Hicks v. City of New York*, 232 F. Supp.3d 480 (S.D.N.Y. 2017),
*vacated in part sub nom. Hicks v. Marchman*, 719 Fed. Appx. 61 (2d Cir. 2018) .... 4

*Howell v. New York Post Co., Inc.*, 81 N.Y.2d 115, 596 N.Y.S.2d 350 (1993) ....... 13

*Hymowitz v. Lilly & Co.*, 73 N.Y.2d 487, 541 N.Y.S.2d 941,
*cert. denied* 493 U.S. 944 (1989) ....................................................... 11

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990) ............................... 13

*Kausal v. Educational Prods. Information Exch. Inst.*, 105 A.D.3d 909,
    964 N.Y.S.2d 550 (2d Dep't), *appeal dism'd* 21 N.Y.3d 1039 (2013) ................... 6

*Kottler v. Deutsche Bank AG*, 607 F. Supp.2d 447 (S.D.N.Y. 2009) ......................... 6

*Kwas v. Intergraph Government Solutions*, 2016 WL 4502039
    (E.D.N.Y. 2016), *appeal dism'd* 2017 WL 4677486 (2d Cir. 2017) ................... 9

*Martin Hilti Family Trust v. Knoedler Gallery, LLC*,
    137 F. Supp.3d 430 (S.D.N.Y. 2015) ......................................................... 9

*Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27 (2011) ................................ 7

*Narragansett Elec. Co. v. Century Indemnity Co.*,
    667 Fed. Appx. 8 (2d Cir. 2016) ............................................................. 7

*National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) ................... 13

*O'Hara v. Bayliner*, 89 N.Y.2d 636, 646, 657 N.Y.S.2d 569,
    *cert. denied* 522 U.S. 822 (1997) ......................................................... 9

*O'Neill v. New York Univ.*, 97 A.D.3d 199, 944 N.Y.S.2d 503 (1st Dep't 2012) ................ 4

*Pension Benefit Guaranty Corp. ex rel. St. Vincent*
    *Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv.*
    *Mgmt. Inc. (PBGC)*, 712 F.3d 705 (2d Cir. 2013) ..................................... 7

*Pereira v. St. Joseph's Cemetery*, 54 A.D.3d 835, 864 N.Y.S.2d 491 (2d Dep't 2008) ........ 13

*Raghavendra v. Bollinger*, 128 A.D.3d 416, 8 N.Y.S.3d 208 (1st Dep't 2015) ................ 9

*Ragone v. Atlantic Video at Manhattan Center*, 595 F.3d 115 (2d Cir. 2010) ................ 14

*Rastelli v. Goodyear Tire & Rubber Co.*, 79 N.Y.2d 289, 769 N.Y.S.2d 629 (1992) ........... 11

*Rodriguez v. City of New York*, 35 A.D.3d 702, 827 N.Y.S.2d 220 (2d Dep't 2006) ........... 11

*Roth v. Jennings,* 489 F.3d 499 (2d Cir. 2007) .............................................. 1

*Rozenzweig v. ClaimFox, Inc.*, 251 F. Supp.3d 449 (E.D.N.Y. 2017) ......................... 5

*Sacerdote v. New York Univ.*, 2017 WL 3701482 (S.D.N.Y. 2017) ............................ 7

*Santos v. New York City*, 847 F. Supp.2d 573 (S.D.N.Y. 2012) .............................. 3

*Scollar v. City of New York*, 160 A.D.3d 140, 74 N.Y.S.3d 173 (1st Dep't 2018) ............ 13

*Shared Communication Svcs. of ESR, Inc. v. Goldman Sachs & Co.*,
    38 A.D.3d 325, 832 N.Y.S.2d 32 (1st Dep't 2007) ..................................... 9

*Sotomayor v. City of New York*, 862 F. Supp.2d 226 (E.D.N.Y. 2012),
    *aff'd* 713 F.3d 163 (2d Cir. 2013) ......................................................... 9

*Stewart v. Jackson & Nash*, 976 F.2d 86 (2d Cir. 1992) .................................... 3

*Torres v. Pisano*, 116 F.3d 625 (2d Cir.), *cert. denied* 522 U.S. 997 (1997) ............. 13

*Travelers Indemnity Co. v. Orange & Rockland Utilities, Inc.*, 73 A.D.3d 576,
    905 N.Y.S.2d 11 (1st Dep't), *leave dism'd* 15 N.Y.3d 834 (2010) ................... 5

[iii]

*Truman Capital Advisors LP v. Nationstar Mortgage, LLC*,
    2014 WL 4188090 (S.D.N.Y. 2014), *aff'd* 599 Fed. Appx. 6 (2d Cir. 2015) ............ 6

*Wells Fargo Bank, N.A. v. National Gasoline, Inc.*, 577 Fed. Appx. 58 (2d Cir. 2014) ........ 11

*Yesa LLC v. RMT Howard Beach Donuts, Inc.*, 222 F. Supp.3d 181 (E.D.N.Y. 2016) ........ 7

## STATUTES/RULES

F.R.Civ.P. Rule 4 ............................................................................................ 3

F.R.Civ.P. Rule 12 ....................................................................................*passim*

F.R.Civ.P. Rule 56 .......................................................................................... 7

8 C.F.R. § 214.2(a)(7) ..................................................................................... 5

N.Y. C.P.L.R. § 214 ........................................................................................ 9

N.Y. Executive L. § 290 *et seq.* ................................................................. 4, 9-10

N.Y. Workers' Compensation L. § 29 .......................................................... 12

N.Y.C. Admin. Code § 8-509 ..................................................................... 9-10

## **Statement of Facts**

Contrary to the version of events submitted by the Defendants in support of this motion, this case is about the retaliatory discharge of a female employee who was knowingly — by the named Defendant JP Morgan Chase  & Co. (hereinafter "Chase Bank") — discharge in an attempt to protect a valued male employee, Edward William Watson (hereinafter "Watson").  Seeking to hide behind unsupported factual conclusions, and a disregard for the protections provided by the law, Chase Bank has ignored the depredations committed by Mr. Watson, and the use of Chase Bank to protect this individual.  All, for the sole purpose of putting corporate profit and gain over the protection of what was considered a minor and insignificant female employee.

As set forth in the Plaintiff's Amended Complaint, on or about April 6, 2010 the Plaintiff commenced employment with Chase Bank in the London Office.  She was hired as a Business Analyst with annual salary of $77,000, and a bonus (in December 2011) of $5,000.  She worked there from that date until her formal discharge in June 2012.  At the time of her discharge, she was informed that her separation was "[d]ue to changes in [J.P. Morgan's] business, our staffing needs have changed", and, hence, her services were no longer needed.  And, notwithstanding the claim, herein, that she was an "at will employee", she was required to execute a copy of a proposed Separation Agreement, within forty-five days (*i.e.*, by May 31st, 2012) otherwise she would waive any severance pay — which came to four weeks' pay.

The Plaintiff refused to execute this Agreement on the basis that her discharge was not due to the fraudulent claims of Chase Bank that "staffing needs have changed", when, in fact, her separation was motivated by Chase Bank's attempts to protect Defendant Watson.

This need for protection from Defendant Watson was clearly established in the Plaintiff's Amended Complaint.  See Exhibits H, I and J, therein, and Amended Complaint at ¶¶ 28, 29.  As

set forth in the Plaintiff's Complaint, this misogynistic behavior of Watson was not only known to Chase Bank but apparently countenanced by them based upon their knowing refusal to protect the interests of their employee, the Plaintiff herein.  See Amended Complaint at ¶¶ 30, 32, 33, 34, 35, 36, 38 and 39.

Furthermore, contrary to Chase Bank's written policy, no effort was ever made on the Defendant CHASE's part to find another position within the company where she could be employed.

<u>**Legal Arguments**</u>

**I. The Standard of Review (Federal Rules of Civil Proc. 12(b))**

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must liberally construe all claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  *See Cargo Partner AG v. Albatrans, Inc.,* 352 F.3d 41, 44 (2d Cir. 2003); *Roth v. Jennings,* 489 F.3d 499, 510 (2d Cir. 2007).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009), (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*, *citing Twombly, supra,* 550 U.S. at 556.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly, supra,* 550 U.S. at 555 (internal quotations, citations and alterations omitted).  As long as the plaintiff's allegations are plausible the court may not dismiss the complaint.  *Id.* at 570; *Iqbal, supra,* 556 U.S. at 680.

Therefore, for the purpose of the Defendants' motion to dismiss, this Court must accept as true all of the facts alleged in the Amended Complaint (s*ee, e.g.*, *Bolt Elec. Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995)), and draw all reasonable inferences in favor of the Party Plaintiff. *See, e.g., Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 216 (2d Cir. 2004). "[U]nless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief", the Defendants' motions to dismiss must be rejected. *Stewart v. Jackson & Nash*, 976 F.2d 86, 87 (2d Cir. 1992) (internal quotations omitted)  Emphasis added.

## II. The Law, As Applied Here, Requires the Denial of the Relief Sought by the Defendant

A. As Defendant Watson has not Appeared in this Action, Either Personally or by Counsel for Chase Bank, Dismissal of any Causes of Action as Against Him Would be Premature, at Best. (See Defendant's Memorandum of Law at p. 2 n. 4)

 Defendant Chase Bank seeks to have this Court, in the event that it prevails, also dismiss the allegations and Causes of Action as against Defendant Watson.  First of all, while it is true that Watson has not yet been served, under Rule 4(m) of the Federal Rules of Civil Procedure, the Plaintiff has 120 days from the date after filing of the Amended Complaint, to effect service.  Since the Amended Complaint was filed on June 22d, 2018, her time to effect service will not expire until 120 days hence — *i.e.*, October 20th, 2018.  No presumptions can be assumed based upon the fact that as of this date (well within the 120 Rule limit) service has not been effected.  Indeed, even the 120-day limit is subject to the discretion of the Court to either dismiss without prejudice to re-file the complaint, or to extend the time to serve.  See *Santos v. New York City*, 847 F. Supp.2d 573, 577-78 (S.D.N.Y. 2012).

 Chase Bank argues that since the "law applies equally to both defendants", dismissal as against Chase Bank should result in dismissal as against Watson.  Def's Memorandum of Law at n. 4. First of all, while there are no independent and unique Causes of Action as against Watson, the Causes of Action as against him and Chase Bank enumerate separate and distinct actions on his

part that satisfy the bases for the Causes of Action.  For example, both Watson and Chase Bank

are named in the claim for Negligent Infliction of Emotional Distress (Cause of Action Second, at

¶¶ 48-54), the actions of Watson stand out as independent of those of Chase Bank.  See ¶¶ 50, 28,

33.  The same is true for Causes of Action Five which alleges harassment and cresting a workplace

discriminatory environment.  See Amended Complaint at ¶¶ 79-92.  In that Cause of Action there

are specific allegations as against Watson that come within the purview of the cited statute (N.Y.

Human Rights L. § 290 *et seq.*).  See Amended Complaint at ¶¶ 80, 88, 90, 91.

In addition, thereto, the cases cited by Defendant Chase are distinguishable from the facts

herein.  In *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 357 F. Supp.2d 712 (S.D.N.Y. 2005),

*aff'd* 493 F.3d 87 (2d Cir. 2007), at least one of the entities against whom the Court dismissed the

action had been served and had counsel appearing on its behalf.  See 02-cv-8726 (LAK), Dkt.

Entry No. 179.  In *Hicks v. City of New York*, 232 F. Supp.3d 480 (S.D.N.Y. 2017), *vacated in*

*part sub nom. Hicks v. Marchman*, 719 Fed. Appx. 61 (2d Cir. 2018), while the District Court did

dismiss as to two of the police officers who did not appear, the Circuit Court did vacate the lower

Court so that the Causes of Action were re-instated as to these two, and the other defendants.  *Id.*

at 63-64.

Hence, dismissal as to Defendant Watson would be premature at this point in time.

B. Plaintiff Andrew Was Not an At-Will Employee Hence Her Claim for Breach of Contract is
   Ripe for Adjudication (See Defendant's Memorandum of Law at pp. 4-7)

This argument of the Defendant is premised upon two arguments: (1) New York is an "at will

employment" jurisdiction which gives the employer the right to discharge any employee, with or

without cause, as long as doing so is not in contravention of any law or right.  *O'Neill v. New York*

*Univ.*, 97 A.D.3d 199, 210, 944 N.Y.S.2d 503 (1st Dep't 2012).  Secondly, any reliance upon the

Employee Manual for Chase Bank employees is arguably, though not dispositively, misplaced as

the Manual contains a provision specifically stating that the employee is precluded from reliance upon same as a contract.  *Rozenzweig v. ClaimFox, Inc.*, 251 F. Supp.3d 449, 458 (E.D.N.Y. 2017).

Even if this all be accurate and reflects the issue regarding reliance upon the corporate manual, in the case at bar, as shown by Exhibit K to the Amended Complaint, on August 19, 2010, upon her offer of an assignment to be transferred from the London Office to the New York Office, with a designated salary offer, and other terms and conditions, the Plaintiff accepted those terms, and thus had a contract with the Defendant.  A copy of Exhibit K is annexed hereto.[1]

While the Agreement (as the Letter itself characterizes it) did not set forth a specific term, as a non-U.S. citizen, Ms. Andrew come to the United States under a H-1B Visa.  This visa had a time limitation of three years, and could be extended to six years by the employer.  See 8 C.F.R. § 214.2(a)(7).  Thus, the Plaintiff's period of employment was a minimum of three years, and that could be extended to six years.  She thus, *de facto*, had an employment contract for a maximum period of time of six years.  Since the recognized rule is that "[a] contract generally incorporates the state of the law in existence at the time of its formation . . ." (*Travelers Indemnity Co. v. Orange & Rockland Utilities, Inc.*, 73 A.D.3d 576, 577, 905 N.Y.S.2d 11 (1st Dep't), *leave dism'd* 15 N.Y.3d 834 (2010)), the laws, rules and regulations applicable to an H-1B Visa recipient must be considered as part and parcel of any agreement — and this includes the time limitations as set forth *supra*.  In accord see *Clean Earth of North New Jersey, Inc. v. Northcoast Maintenance Corp.*, 142 A.D.3d 1032, 1037, 39 N.Y.S.3d 165 (2d Dep't 2016).

---

[1] The fact that the Agreement is not executed is of no legal import.  Under New York law, "a contract may be valid even if it is not signed by the party to be charged, provided its subject matter does not implicate a statute . . . that imposes such a requirement." *Flores v. Lower East Side Service Center, Inc.*, 4 N.Y.3d 363, 368, 795 N.Y.S.2d 491 (2005).

This contract was outside of, and above and beyond, the Employee Manual.  Thus, while the Plaintiff was bound by the employee conduct terms of the Code of Conduct (see Defendant's Exhibit 3 at pp. 2, 7) there is nothing in that Code of Conduct that states that it supersedes or prevails in the event that it conflicts with any employment agreement.  See *Kausal v. Educational Prods. Information Exch. Inst.*, 105 A.D.3d 909, 910-11, 964 N.Y.S.2d 550 (2d Dep't), *appeal dism'd* 21 N.Y.3d 1039 (2013) (Appellate Division reverses trial court's dismissal of breach of employment contract action, premised upon H-1B Visa application, and terms thereof).

In accord see *Glenwood Sys., LLC v. Thirugnanam*, 2012 WL 12913792 at *18 (C.D. Calif. 2012) (relevant pages submitted to INS with H-1B visa application as evidence of employment contract).

As the Court in *Truman Capital Advisors LP v. Nationstar Mortgage, LLC*, 2014 WL 4188090 (S.D.N.Y. 2014) (Buchwald, USDJ), *aff'd* 599 Fed. Appx. 6 (2d Cir. 2015), stated,

> Where the existence of a contract is at issue and the evidence is conflicting or admits of more than one inference, it is for the trier of fact to determine whether the contract actually existed.

*Id*. at *7.  Quoting *Bustamante v. Intuit, Inc.*, 141 Cal. App.4th 199, 208, 45 Cal. Rptr.3d 692 (Cal. App. 6th Dist. 2006).

See also *Kottler v. Deutsche Bank AG,* 607 F. Supp.2d 447 (S.D.N.Y. 2009) ("'where there is a bona fide dispute as to the existence of a contract or where the contract does not cover the dispute in issue,'" a court should not dismiss a claim of unjust enrichment at the motion-to-dismiss stage. . . ." *Id*. at 468. Citation omitted.).

There are sufficient and adequate issues of fact in the case at bar, to make the Plaintiff's Causes of Action, based upon her Employment Agreement, survive this Motion to Dismiss.[2]

---

[2] Indeed, it is the position of the Plaintiff that even if certain causes of action are time barred, there has been a sufficient and adequate basis for raising the fact based question as to whether the August 2010 Agreement

C. Plaintiff Andrew Detrimentally Relied Upon the Code of Conduct of the Defendant Chase Bank to Protect Her From the Deprivations and Misconduct of her Co-Employees and Management (See Defendant's Memorandum of Law at pp. 7-8)

The Defendant argues here that the Plaintiff's reliance upon the Chase Bank Code of Conduct was inadequately pled, because she does not state that she relied upon the subject Workplace Policy on harassment. See Def's Memorandum of Law at p. 7. This argument must fail as the Defendant is taking just one paragraph of the Amended Complaint (referenced ¶ 2 of the Amended Complaint) in a vacuum, and not treating it in the context of the recitation of the relevant facts as a whole. The law is clear that in any civil action the court is to read the complaint as a whole. *Narragansett Elec. Co. v. Century Indemnity Co.*, 667 Fed. Appx. 8 (2d Cir. 2016); *Cabello-Rondon v. Dow Jones & Co., Inc.*, 2017 WL 3531551 at *8 (S.D.N.Y. 2017), *aff'd* 720 Fed. Appx. 87 (2d Cir. 2018) (ruling on a Rule 12(b) Motion).

And, especially, in the Motion to Dismiss stage, as Judge Forrest wrote in *Sacerdote v. New York Univ.*, 2017 WL 3701482 (S.D.N.Y. 2017),

> At the motion to dismiss stage, "application of th[e] 'plausibility' standard to particular cases is 'context-specific', and requires assessing 'the allegations of the complaint as a whole.'" *Id.* [*Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc. (PBGC)*, 712 F.3d 705] at [7]19 (2d Cir. 2013) (first quote quoting [*Ashcroft v.*] *Iqbal*, 556 U.S. [662] at 679 [(2009)]) (second quote quoting *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 47 (2011)). A complaint must therefore "be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden* [*v. Wal-Mart Stores*], 588 F.3d [585] at 594 [(8th Cir. 2009)].

*Id*. at *3.

---

(to use the Defendant's word) constitutes a contract, and thus renders the matter one best left to a factfinder [*i.e.*, the jury], after discovery has been completed. See generally *Yesa LLC v. RMT Howard Beach Donuts, Inc.*, 222 F. Supp.3d 181, 192 (E.D.N.Y. 2016) (Judge Spatt ruling that premature dismissal of certain causes of action improper in the absence of some discovery). Certainly, after discovery, the Defendant may seek relief under Rule 56(b), F.R.Civ.P.

The Plaintiff has laid out quite clearly the basis for her requested transfer to New York.  This was to remove herself from the physical and psychological danger she was in as a result of her relationship with Defendant Watson.  See Amended Complaint at ¶ 35.  This transfer was supposed to place herself three thousand miles from the man who had assaulted her and made her life all but a living hell.  Ms. Andrew relied upon both the oral representations of her employer, her repeated complaints to her employer about her fears and concerns (and their total disregard for those issues) (see Amended Complaint at ¶¶ 15, 61-64, 83-87), and even more to the point, the Workplace Code of Conduct which was supposed to protect her from such behavior.  See Amended Complaint at ¶¶ 2, 44-45.

Indeed, the Code of Conduct is explicit that it covers all parties of the Chase Bank entity.  Indeed, the language of the Code of Conduct is all but laughable as it makes a pretense of creating a fair and reasonable workplace environment, but, in actuality, is (according to the Defendant's herein) not really designed to protect anyone, *viz*.,

> Inappropriate behavior can occur between members of the same or opposite sex.  It may be obvious or subtle and includes any unwelcome sexual advance, requests for sexual favors or other verbal or nonverbal behavior or physical contact of a sexual nature that un-reasonably interferes with work performance, is made a condition of employment or creates an intimidating, hostile or offensive work environment.  We do not tolerate discrimination or harassment and take all allegations seriously.  It is each employee's responsibility to report any behavior that violates our policies.

Code of Conduct (Defendant's Exhibit 3) at ¶ 4.1, pp. 36-37.

In fact, the Code of Conduct states that "[a]ll investigations of possible Code violations are conducted by Global Security and Investigations (or for issues of harassment and discrimination by Human Resources."  *Id.* at ¶ 1.6, p.9.  Nowhere in their pleading does Chase Bank ever state that the allegations of Ms. Andrew are false, specious, or unsupported by documentary evidence.  Nor, indeed, do they ever state that such an "investigation" was ever conducted.  Thus, not only must the Court take as fact the allegations of physical and psychological abuse that Ms. Andrew

suffered at the hands of Mr. Watson, but also the abject failure of Chase Bank to do anything, whatsoever, to protect her (in direct contravention of their written Code of Conduct).

As such, the Court should deny the relief requested by Chase Bank herein.

D. The Causes of Action Under Both the New York State and New York City Human Rights Laws Should Be equitably Tolled (See Defendant's Memorandum of Law at p. 8)

The New York State Human Rights Law, Executive L. § 290 *et seq.*, generally has a three year statute of limitations.  See N.Y. C.P.L.R. § 214(2).  *Raghavendra v. Bollinger*, 128 A.D.3d 416, 8 N.Y.S.3d 208 (1st Dep't 2015).  And, the same is true of the New York City statute (N.Y.C. Admin. Code § 8-502).  *Ibid*.  See also *Sotomayor v. City of New York*, 862 F. Supp.2d 226, 248-49 (E.D.N.Y. 2012), *aff'd* 713 F.3d 163 (2d Cir. 2013).  However, the Court, here, is urged to apply the principle of equitable tolling to permit the Plaintiff to go forward on both of these claims.

The Doctrine of Equitable Tolling is generally applied in federal actions commenced in the State of New York.  *O'Hara v. Bayliner*, 89 N.Y.2d 636, 646, 657 N.Y.S.2d 569, *cert. denied* 522 U.S. 822 (1997); *Shared Communication Svces. of ESR, Inc. v. Goldman Sachs & Co.*, 38 A.D.3d 325, 832 N.Y.S.2d 32 (1st Dep't 2007).  In accord see *Kwas v. Intergraph Government Solutions,* 2016 WL 4502039 at *3 (E.D.N.Y. 2016), *appeal dism'd* 2017 WL 4677486 (2d Cir. 2017).

Under this doctrine the disadvantaged party may assert any number of bases of tolling, including, but not limited to reliance upon representations of the defendant, due diligent in bringing the action, absence of prejudice to the defendant, among other factors.  See partial list in *Martin Hilti Family Trust v. Knoedler Gallery, LLC,* 137 F. Supp.3d 430, 469 (S.D.N.Y. 2015) (collecting cases).

In addition, thereto, the courts have recognized that there exists a common law principle of equitable tolling.  This is premised upon the principle that

> Whenever some paramount authority prevents a person from exercising his legal remedy, the time during which he is thus prevented is not to be counted against him

in determining whether the statute of limitations has barred his right, even though the statute makes no specific exception in his favor in such cases . . .

*Billiard Balls Management, LLC v. Mintzer Sarowitz Zeris Ledva & Meyers, LLP*, 54 Misc.3d 936, 944, 42 N.Y.S.3d 730 (S. Ct. N.Y. Co. 2016), *aff'd* 157 A.D.3d 419 (1st Dep't 2018).

In the case at bar, whether under the common law principles or otherwise, the Plaintiff should be permitted to go forward on her claims under the State and City Human Rights Laws. As to any claim of prejudice by the Defendant — there is none. Chase Bank cannot demonstrate that permitting these actions to be adjudicated by a factfinder will, in any way, prejudice them. Similarly, as Exhibits B, C and D to the Plaintiff's Amended Complaint make clear, through counsel, she made numerous efforts to resolve this matter without having to seek judicial intervention. For example, the letter of May 29, 2012 (Exhibit B) set forth the bases for her claim, provided more than adequate notice to Chase Bank as to their failures, and attempted to provide a basis for resolving this issue extra-judicially. Considering the gravity of the allegations herein, and the fact that Defendant Watson is still an employee of Chase Bank, granting the Plaintiff equitable tolling should be permitted here.

Thus, the Court should grant the Plaintiff equitable tolling of the statute, and permit these causes of action to go forward.

E. Plaintiff's Fifth Cause of Action Should Survive Defendant's Motion to Dismiss
   (See Defendant's Memorandum of Law at pp. 8-9)

The position of the Defendant Chase Bank, in seeking to have the Fifth Cause of Action dismissed is that it is, in reality, an allegation of civil conspiracy. And, as such, and as it is not a recognized basis for tortious recovery in New York, must be dismissed. However, what the Defendant has done is mis-characterized this Cause of Action. What is alleged here is that the Defendants (Chase Bank and Watson) acted in concert to deprive the Plaintiff of her rights to have a safe and secure workplace, to pursue her career in the absence of the fear of physical or

psychological harm, and that Chase Bank, well aware of the actions and proclivities of Watson, did nothing whatsoever to protect Ms. Andrew.  See Amended Complaint at ¶¶ 79-92.

The legal theory of concerted action liability (recognized in the context of products liability law[3]) "provides for joint and several liability on the part of all defendants having an understanding, express or tacit, to participate in 'a common plan or design to commit a tortious act'".  *Hymowitz v. Lilly & Co.*, 73 N.Y.2d 487, 506, 541 N.Y.S.2d 941, *cert. denied* 493 U.S. 944 (1989).  In accord see *Hamilton v. Accu-tek*, 935 F. Supp. 1307, 1327 (S.D.N.Y. 1996).  In order to proceed under such a theory of recovery, it is "essential that each defendant charged with acting in concert have acted tortiously and that one of the defendants committed an act in pursuance of the agreement which constitutes a tort".  *Rastelli v. Goodyear Tire & Rubber Co.*, 79 N.Y.2d 289, 295, 769 N.Y.S.2d 629 (1992).  In accord see *Wells Fargo Bank, N.A. v. National Gasoline, Inc.*, 577 Fed. Appx. 58, 59 (2d Cir. 2014) (legal theory of liability applied in conversion tort case).

In the case at bar the Plaintiff has asserted that "Defendant WATSON began to interfere with Plaintiff's routine work at the Defendant's office. These actions caused Plaintiff to be uncomfortable and were done by Defendant WATSON, with Defendant CHASE's full knowledge and acquiescence, . . ."  Amended Complaint at ¶¶ 80, 85, 88.  Furthermore, that Chase Bank was aware of Watson's violative conduct, that it was in violation of, among other things, the New York statutes, and the corporate Code of Conduct, and that they did nothing to prevent it.  *Id.* at ¶¶ 81,

---

[3] While developed in the context of products liability law, the principle has been applied otherwise where the damaged party is alleging that that the defendants acted in concert, that one of the defendants committed a tortious act, and that the other knew of such conduct and condoned it to the detriment of the plaintiff.  *See, e.g.*, *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 2017 WL 933103 at *4 (S.D.N.Y. 2017) (Koeltl, USDJ) (principle applied in the context of a patent infringement suit); *Rodriguez v. City of New York*, 35 A.D.3d 702, 703-04, 827 N.Y.S.2d 220 (2d Dep't 2006) (theory applied by Appellate Division to reverse trial court's granting of CPLR 3211 motion to dismiss in excessive force case).

82, 84, 87.  And, finally, as a result of the parties' acting and actions in concert, the Plaintiff

suffered both general and special damages.  *Id*. at ¶ 83.

As to the issue of the statute of limitations defense, as with Point D, *supra*, this Court should

grant the Plaintiff's equitable tolling, and permit this cause of action to go forward.

Thus, this part of the Motion to Dismiss should be denied.

F. Plaintiff's Claim for Infliction of Emotional Distress Should Survive the Motion to Dismiss
   (See Defendant's Memorandum of Law at pp. 9-11)

The Defendant Chase Bank raises two arguments here.  The first is that this Cause of Action

is time barred as it was not commenced within three years of the date of accrual (set forth as June

30, 2012).  Secondly, Chase Bank argues that such a claim is properly cognizable as one under the

New York Worker' Compensation Law § 29(6).[4]

With regard to the issue of the statute of limitations, the Plaintiff relies upon her arguments,

supra, regarding equitable tolling.

The Cause of Action for emotional distress is set forth in Cause of Action Second.  See

Amended Complaint at ¶¶ 49-53.  First of all, the facts as laid out in the Plaintiff's Cause of Action

for infliction of emotional distress, similarly set forth a Cause of Action for intentional conduct;

such conduct being that of Defendant Watson.  While, it may be argued that there is a claim that

Chase Bank negligently supervised Watson, nevertheless, the actions of Watson were clearly

intentional.  See Amended Complaint at ¶¶ 28, 29, and Exhibits H, I, J.  As such, they are not

---

[4] Chase Bank further argues that the dismissal of this Cause of Action as against itself should also lead to a dismissal as against Defendant Watson.  See Defendant's Memorandum of Law at p. 11, n. 8.  First of all, as set forth *supra*, any dismissal as to Defendant Watson is "premature, at best."  See discussion at Point II.A., *supra*.  Secondly, the case cited (*Corrado v. New York Unified Court Sys.*, 163 F. Supp.3d 1 (E.D.N.Y. 2016), *aff'd* 698 Fed. Appx. 36 (2d Cir. 2017)), did not involve parties who had not been served or otherwise appeared in the action.  All of the named Defendants (both entities and individuals), dispositively, unlike Defendant Watson, had appeared by counsel.  See 12-cv-1748 (EDNY), Dkt. Entry No. 115 (Feb. 26, 2015).

covered by the Workers' Compensation Law. *Corcoran v. New York Power Auth.*, 202 F.3d 530, 541-42 (2d Cir. 1999), *cert. denied* 529 U.S. 1109 (2000); *Torres v. Pisano*, 116 F.3d 625, 640 (2d Cir.), *cert. denied* 522 U.S. 997 (1997).  However, if the facts, as laid out, can demonstrate intentional conduct on the art of the employer, that resulted in the infliction of emotional distress, then the exclusive remedy set forth in the Workers' Compensation Law will not foreclose an independent action.  See *Pereira v. St. Joseph's Cemetery*, 54 A.D.3d 835, 836-37, 864 N.Y.S.2d 491 (2d Dep't 2008).

The Amended Complaint lays out a series of knowing and intentional acts by Chase Bank.  See Amended Complaint at ¶¶ 32, 33, 34, 35.  All of these actions were with the full knowledge as to the intentional harmful conduct by Watson, and, yet, Chase Bank chose to ignore these warning signs to the psychological detriment of the Plaintiff.  Thus, even if the Plaintiff has characterized her claim as one for "negligent" infliction of emotional distress, the elements have been laid out for an intentional claim,[5] and the Court should permit this Cause of Action to go forward.

G. Plaintiff's Title VII Claim is Neither Time Barred Nor Barred By Failure to Exhaust Administrative Remedies (See Defendant's Memorandum of Law at pp. 11-13)

With regard to the issue of the Title VII claim being time barred, the Plaintiff relies upon the arguments raised for equitable tolling.  See *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 121 (2002); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990).

---

[5] In *Howell v. New York Post Co., Inc.*, 81 N.Y.2d 115, 596 N.Y.S.2d 350 (1993), the New York Court of Appeals laid out the elements of the tort of intentional infliction of emotional distress, as follows,

> The tort has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or <u>disregard of a substantial probability of causing, severe emotional distress</u>; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress.

*Id*. at 121.  Emphasis added.
In accord see *Scollar v. City of New York*, 160 A.D.3d 140, 145, 74 N.Y.S.3d 173 (1st Dep't 2018).
Clearly, the Plaintiff has laid out all four of these elements in her Amended Complaint.

While it is true that the Plaintiff has not sought administrative relief, and is thus, arguably, precluded from seeking judicial relief (see *Ragone v. Atlantic Video at Manhattan Center*, 595 F.3d 115, 126 (2d Cir. 2010)), however, the requirement is not a jurisdictional one, and, as a result thereof, is subject to any available equitable defenses.  *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384-85 (2d Cir. 2015).  The Plaintiff here relies upon the same bases for asserting an equitable defense as set forth *supra*.  Since the exhaustion requirement is not jurisdictional, this Court should entertain the claim under Title VII.

H.  Plaintiff's Claims Regarding the H-1B Visa Are Not Precluded Herein (See Defendant's Memorandum of Law at pp. 13-14)

The Plaintiff takes no position regarding the claims by the Defendant regarding the Cause of Action asserting relief under Section 1182 of the Immigration & Nationality Act.

<u>**Conclusion**</u>

For all of the foregoing reasons, the Court should deny the Motion to Dismiss as filed by the Defendant.

Dated: July 20, 2018
         Somers, NY                                    Respectfully submitted,


                                                       /s/ *Bernard V. Kleinman*
                                                       Bernard V. Kleinman, Esq.

## <u>CERTIFICATE OF SERVICE</u>

I am Bernard V. Kleinman, an attorney duly admitted to practice before the bar of this Court.  I do affirm under the laws against perjury of the United States that I did serve the within Response to Defendants' Rule 12(b) Motion to Dismiss, and attendant Exhibits, upon the attorney for the named Defendants herein, Maxine Neuhauser, Esq., c/o Epstein Becker & Green P.C., by ECF filing with this Court.

Dated: 20 July 2018
        Somers, NY

                                   /s/ *Bernard V. Kleinman*
                                       Bernard V. Kleinman, Esq.
                                       Attorney for Plaintiff TARYN LEE ANDREW