```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
TARYN-LEE ANDREW,                       :
                                        :
                     Plaintiff,         :   18cv4421(DLC)
                                        :
          -v-                           :   OPINION AND ORDER
                                        :
J.P. MORGAN CHASE & CO., EDWARD         :
WILLIAM WATSON,                         :
                                        :
                     Defendants.        :
                                        :
----------------------------------------X
```

APPEARANCES

For the plaintiff:
Bernard V. Kleinman
Law Office of Bernard V. Kleinman, PLLC
108 Village Square, Suite 313
Somers, NY 10589

For the defendants:
Maxine H. Neuhauser
Jiri Janko
Epstein, Becker, & Green, P.C.
250 Park Avenue
New York, New York 10177

DENISE COTE, District Judge:

The defendants have moved to dismiss the first amended complaint ("FAC"). For the reasons that follow, the motion is granted.

## Background

The following facts are alleged in the FAC. Prior to her employment with J.P. Morgan Chase ("JPMC"), plaintiff Taryn-Lee Andrew ("Andrew") entered into a romantic relationship with

defendant Edward Watson ("Watson") in or around 2008 that lasted for a period of about two years.  Watson was an employee of defendant JPMC during the entire period of their relationship, holding the position of Executive Director.  Andrew began working as a business analyst in the London office of JPMC in or around April 2010.  During the course of the relationship, Watson was allegedly violent toward Andrew, leading to his arrest by London police.  Andrew's injuries caused permanent damage to two of her fingers.  Andrew reported Watson's behavior to her supervisor at JPMC, Andrew Brook, in 2010.

Andrew requested a transfer to the New York office of JPMC and moved to New York in October 2010.  While Andrew was working at the JPMC office in New York, Watson would occasionally travel to that office from London for business reasons.  Watson's presence in the New York office caused Andrew great distress, compelling her to excuse herself from work to see doctors.  Andrew was diagnosed with post-traumatic stress disorder, and was prescribed medications.  She made her JPMC supervisor, John Casper, aware of the situation, and asked to be notified if Watson was ever posted to the New York office.  JPMC did not notify Andrew each time that Watson was scheduled to be in New York.

After her posting to New York, Andrew's performance reviews began to decline.  On April 17, 2012, she received notice that

2

her employment with JPMC was terminated because JPMC's "staffing needs [had] changed." She was given forty-five days to execute a proposed Separation Agreement or else waive any severance pay. On May 29, 2012, Andrew, through her counsel, declined to execute the Separation Agreement.

Andrew took no further action until more than three and a half years later, in January 2016, when her attorney sent a letter to JPMC seeking to resolve the issue of her termination. That letter was followed by two additional letters in February and April 2016. The instant action was filed in the New York County Supreme Court on April 14, 2018 -- six years after Andrew's termination by JPMC. On May 17, 2018, the action was removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

JPMC filed a motion to dismiss on May 18, 2018. On June 25, Andrew filed an amended complaint, which added Watson as a defendant. JPMC filed a renewed motion to dismiss on June 26. That motion became fully submitted on July 31.

In her FAC, Andrew asserts claims against JPMC for breach of an implied employment contract between her and JPMC, negligent infliction of emotional distress, various violations of the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and Title VII of the Civil Rights Act of 1964, civil conspiracy to violate the NYSHRL, and violation of Section 1182 of the Immigration and Nationality

Act, codified at 8 U.S.C. § 1101 et seq.  She also asserts identical claims for negligent infliction of emotional distress and civil conspiracy against Watson.

Andrew admits that the statute of limitations has run on her Title VII and state law claims with the exception of her breach of contract claim, but relies on the doctrine of equitable tolling.[1]  She has abandoned her claim under Section 1182 of the Immigration and Nationality Act.

### Discussion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Cohen v. Rosicki, Rosicki & Assocs., 897 F.3d 75, 80 (2d Cir. 2018) (citation omitted).  A claim to relief is plausible when the factual allegations in a complaint "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Progressive Credit Union v. City of New York, 889 F.3d 40, 48 (2d Cir. 2018) (citation omitted).  A court "must accept as true all of the allegations contained in a

---

[1] Ordinarily, a motion to dismiss based on a statute of limitations would have to be converted into a motion for summary judgment because it addresses an affirmative defense that a plaintiff has no burden to anticipate.  But in this case, Andrew attached many documents to her complaint that JPMC has relied upon.  Andrew has not identified any further facts or documents that she would rely upon to rebut JPMC's statute of limitations defense.

4

complaint, though threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Carlin v. Davidson Fink LLP, 852 F.3d 207, 212 (2d Cir. 2017) (citation omitted).

Employment in the State of New York is at-will. "Under New York's employment-at-will doctrine, an employer has a nearly unfettered right to discharge an employee." Jones v. Dunkirk Radiator Corp., 21 F.3d 18, 21 (2d Cir. 1994). "Under New York law, employment for an indefinite or unspecified term is presumed to be at will and freely terminable by either party at any time without cause or notice." Brown v. Daikin America Inc., 756 F.3d 219, 231 (2d Cir. 2014) (citation omitted).

The presumption of at-will employment, however, may be rebutted "by demonstrating an express limitation in the individual contract of employment curtailing an employer's right to terminate at will." Id. (citation omitted). "Policies in a personnel manual specifying the employer's practices with respect to the employment relationship . . . may become a part of the employment contract" when the employee alleging a breach of contract can prove "(1) an express written policy limiting the employer's right of discharge exists, (2) the employer (or one of its authorized representatives) made the employee aware of this policy, and (3) the employee detrimentally relied on the policy in accepting or continuing employment." Baron v. Port

Authority of New York and New Jersey, 271 F.3d 81, 85 (2d Cir. 2001). The Second Circuit has observed that this is a "difficult pleading burden" and that "routinely issued employee manuals, handbooks and policy statements should not lightly be converted into binding employment agreements." Brown, 756 F.3d at 231 (citation omitted).

For a Title VII claim arising in New York to be timely, a plaintiff must file a charge with the EEOC or its state equivalent within 300 days of the allegedly unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); Vega v. Hempstead Union Free School District, 801 F.3d 72, 78-79 (2d Cir. 2015); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 765 (2d Cir. 1998). While "a plaintiff's failure to fully comply with the remedial administrative scheme envisioned by Title VII does not preclude judicial review, . . . the administrative filing requirements operate like a statute of limitations," which are subject to equitable tolling. Hardaway v. Hartford Public Works Dep't, 879 F.3d 486, 491 (2d Cir. 2018) (citation omitted).

Both New York State and New York City employment discrimination claims are governed by a three-year statute of limitations. See N.Y.C.P.L.R. § 214(2); N.Y.C. Admin. Code § 8-502(d). Common law actions to recover damages for a personal injury such as negligent infliction of emotional distress are also subject to a three-year statute of limitations.

N.Y.C.P.L.R § 214(5); see also Yong Wen Mo v. Gee Ming Chan, 792 N.Y.S.2d 589, 591 (2d Dep't 2005); AB ex rel. EF v. Rhinebeck Central School District, 361 F. Supp. 2d 312, 317 (S.D.N.Y. 2005).

A plaintiff seeking equitable tolling of a statute of limitations must establish "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." Bolarinwa v. Williams, 593 F.3d 226, 231 (2d Cir. 2010) (citation omitted).  "Statutes of limitations are generally subject to equitable tolling where necessary to prevent unfairness to a plaintiff who is not at fault for her lateness in filing." Gonzalez v. Hasty, 651 F.3d 318, 322 (2d Cir. 2011) (citation omitted).  Equitable tolling is "an extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances." Id. (citation omitted) (emphasis in original).  The Supreme Court has urged that it is "a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs."  Wallace v. Kato, 549 U.S. 384, 396 (2007).

Andrew's claim for breach of her employment contract fails because employment in the State of New York is at-will and she has not established that there was an employment contract

7

between her and JPMC for a specified period of time.  The Harassment-Free Workplace Policy upon which Andrew initially relies is precisely the sort of "routinely issued employee manual[], handbook[] [or] policy statement[]" that "should not lightly be converted into [a] binding employment agreement[]." Brown, 756 F.3d at 231 (citation omitted).[2]

In her opposition, Andrew relies instead on a letter from the JPMC Human Resources Department dated August 19, 2010, which outlined the terms of her employment in New York.  This employment letter cannot reasonably be read to constitute a contract for employment for a fixed period of time.  While the letter lists a start date, salary, and benefits, it does not contain any language with respect to Andrew's end date or the

---

[2] Although only the "Harassment-Free Workplace Policy" was attached to Andrew's complaint, the complaint also contends that "such other policies as adopted by the Defendant created an enforceable contract between the parties."  Andrew has not specifically identified the "other policies" to which she refers.  As set forth in the exhibits to JPMC's declaration in support of its motion to dismiss, JPMC's employment-at-will policy specifically stated that "nothing set forth in these policies constitutes or creates a contract or guarantee of employment or confers any rights to continued employment." JPMC's Code of Conduct similarly stated that "[t]he Code of Conduct does not create any rights to continued employment and is not an employment contract."  To the extent that Andrew relies on these policies, they are "integral to the complaint" and thus properly considered at the motion to dismiss stage. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002).  Andrew has not challenged the appropriateness of considering these documents at the motion to dismiss stage, and indeed relies on the Code of Conduct in her opposition to the motion to dismiss.

term of her employment.  Absent such language, "employment for an indefinite or unspecified term is presumed to be at will." Brown, 756 F.3d at 231.

Andrew further contends that this letter represented a contract for a minimum period of employment of three years, because she came to the United States on an H1B visa, which has a time limitation of three years.  This argument is meritless. An H1B visa is valid for a period of "up to three years," with a possible extension to six years.  8 C.F.R. § 214.2(h)(9)(iii)(A)(1).  It does not obligate an employer to continue to employ the visa recipient for a minimum of three years.  This is especially the case since the JPMC letter does not make any mention of Andrew's H1B visa.  There is, in short, nothing to rebut the strong presumption under New York law that Andrew was an at-will employee of JPMC.

The remainder of Andrew's claims are time-barred or have been abandoned.  This case was filed six years after the alleged discriminatory actions took place -- well outside the three year statute of limitations for Andrew's state law claims.  Andrew does not contest that her state law claims are time barred, but rather relies on the doctrine of equitable tolling.

Andrew has not made a showing that equitable tolling is appropriate in this case.  She has not "been pursuing her rights diligently."  Bolarinwa, 593 F.3d at 231.  The only action

Andrew describes taking in response to her termination from JPMC was to send a letter, through her counsel, in which she declined to execute the proposed separation agreement and explained her belief that her employment was terminated in order to protect Watson.  She describes no further action until three and a half years later, after the statute of limitations had already run, at which point Andrew's counsel sent three additional letters to JPMC seeking to resolve the dispute.  Another two years passed before this case was filed.

Nor has Andrew alleged that any extraordinary circumstances prevented her from timely asserting her rights.  She cites simply "the gravity of the allegations herein, and the fact that Defendant Watson is still an employee of Chase Bank."  She has not adequately explained how these facts have prevented her from asserting her rights under state or federal law.  Andrew has identified no facts that suggest she should be granted the extraordinary remedy of equitable tolling.

Andrew's Title VII claims are additionally barred because of her failure to exhaust her administrative remedies.  Andrew did not file a complaint with the EEOC or the equivalent New York agency within 300 days of the alleged action taking place as required by 42 U.S.C. § 2000e-5(e)(1).  See also Vega, 801 F.3d at 78-79.  For the same reasons set out above, equitable tolling is inappropriate with respect to Andrew's Title VII

claim.

Andrew's claims against Watson are also dismissed for the reasons described above. Where, as here, the reasons for dismissal apply equally to all defendants, and the plaintiff has had notice and a full opportunity to be heard, sua sponte dismissal of claims against defendants that have not yet been served and have not appeared is appropriate. See Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 26 n.6 (2d Cir. 1990). For example, sua sponte dismissal "is . . . appropriate if it appears from the face of the complaint that the action is barred . . . by expiration of the statute of limitations. Baker v. Cuomo, 58 F.3d 814, 819 (2d Cir. 1995). Both of the claims asserted against Watson (negligent infliction of emotional distress and civil conspiracy) are dismissed as time-barred for the same reasons discussed above with respect to JPMC.

## Conclusion

The defendants' June 26, 2018 motion to dismiss the FAC for failure to state a claim is granted with respect to all defendants.


Dated:    New York, New York
          October 9, 2018

                                    _____
                                         DENISE COTE
                                    United States District Judge

11